## Wagner *v.* Wagner, Appellant.

*Equity—Ejectment bill—Remedy at law—Husband and wife.*

A bill in equity by a husband against a wife to restrain the wife from interfering with the rights of the complainant to use and occupy certain land which he owned in fee, will be dismissed as an ejectment bill, where it appears that the defendant was in possession originally by consent of her husband, and occupied the premises as her residence, that quarrels arose between them, that at one time the defendant had the complainant arrested for nonsupport and that at the hearing in this proceeding he promised to permit his wife to occupy the house and lot appurtenant to it. In such a case the plaintiff has his remedy, if any, in a court of law.

Argued May 5, 1915.    Appeal, No. 203, April T., 1915,

by defendant, from decree of C. P. Allegheny Co., July T., 1913, No. 598, on bill in equity in case of Lorenz Wagner v. Wilhelmina Wagner. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON and TREXLER, JJ. Reversed.

Bill in equity for an injunction.

From the record it appeared that the complainant owned a tract of land with a dwelling house thereon erected located in the Nineteenth ward of the City of Pittsburgh. On November 8, 1910, the complainant and defendant were married, and went on the premises in dispute to reside. In 1911, the complainant went on a trip to Germany leaving his wife on the premises. On his return quarrels occurred between the parties and complainant was arrested for nonsupport. At the hearing of the nonsupport proceedings complainant promised to permit his wife to occupy the house and lot as her residence.

COHEN, J., found, inter alia, the following facts:

3. That the plaintiff married the respondent on November 8, 1910, and took her to live with him, together with her children by her first husband, in his home in the 19th ward aforesaid.

4. That soon thereafter, unfortunate differences arose between them, and the respondent continuously abused and ill-treated the plaintiff, annoying him with constant suits and denying his right to live in his own home.

5. That the plaintiff visited his native home in Germany in the spring of 1911, and before he left made a lease in writing of said farm to Lorenz Wagner, his son, and Charles H. Hoff, his son-in-law, until April, 1912, delegating them therein full authority to cultivate the land and look after the same, but containing a provision that his wife and her children should occupy the homestead and the piece of land surrounding the same, approximately 40 by 75 feet. During his absence, respon-

**528**          WAGNER *v.* WAGNER, Appellant.

Statement of Facts—Opinion of the Court.   [60 Pa. Superior Ct.

dent and her family were provided with food on the credit of the plaintiff.

6. That upon the return of the plaintiff from Germany, respondent insisted upon his conveying the farm, or part thereof, to her, which plaintiff refused to do; and that upon this refusal the respondent began a series of persecutions and prosecutions of the plaintiff, and from October, 1911, until April, 1913, instituted thirteen different criminal actions against him before various aldermen of the City of Pittsburgh.

7. That these suits were brought for the purpose of harassing and oppressing the plaintiff and with the view of depriving him of the right to enter upon, occupy, enjoy and cultivate the same. This action on the part of the respondent made it impossible for the plaintiff to even go upon his own land for a lawful purpose without danger of assault or arrest at the instance of the respondent.

The court entered a decree awarding an injunction.

*Error assigned* was the decree of the court.

*A. Devoe P. Miller,* for appellant.—Equity has no jurisdiction over the question at bar: Stout v. Williams, 203 Pa. 161; Myersdale, Etc., Street Ry. Co. v. Penna., Etc., Street Ry. Co., 219 Pa. 558; Andel v. Duquesne St. Ry. Co., 219 Pa. 635; Piro v. Shipley, 211 Pa. 36; Fredericks v. Huber, 180 Pa. 572.

*J. M. Friedman,* with him *Herman L. Hegner,* for appellee, cited: Piro v. Shipley, 211 Pa. 36.

The court had jurisdiction: Penna. & Maryland S. Ry. Co., 219 Pa. 558; Com. v. P. & C. R. R. Co., 24 Pa. 159; Walters v. McElroy, 151 Pa. 549; Wilkes-Barre v. Troxell, 5 Luz. L. Reg. 133; Ireland v. Ireland, 244 Pa. 489.

OPINION BY HENDERSON, J., July 21, 1915:
The bill filed in this case is in effect an ejectment bill.

The respondent is in possession of the house and a small portion of the land owned by the complainant. She was taken there by him when they were married and has continued to reside there since that time. The evidence bearing on the interference of the defendant with the complainant's use of the other part of his property is slight and of little consequence. She remonstrated with the complainant's son and son-in-law, who claimed to be lessees, for plowing up a part of what she alleged to be her lot, but that was a disturbance of the tenants' occupancy if there were any disturbance and it is not pretended that they have undertaken to hold the complainant liable in any way nor is there any evidence that they were subjected to any damage whatever. The locking of the well may not have been neighborly, but the complainant's children who were not residents of the premises had no enforceable right to procure water at the well and the complainant was not living with his wife when the defendant objected to the use of the well by the daughter and son-in-law. It may be that the defendant is quarrelsome, but there is abundant evidence that the complainant has the same infirmity of disposition and that he often beat his wife. It is not disputed that he abandoned her twice, at one time going to Germany and remaining for a length of time and that he was adjudged guilty of desertion in the county court and required to pay the defendant a weekly allowance for her support. There was evidence, too, that at the hearing in the county court he promised to permit his wife to occupy the house and the lot appurtenant to it. If the defendant is unlawfully in possession of the premises the complainant has an adequate remedy at law. There is the additional consideration that the complainant does not come into court with clean hands and with a clearly established equitable demand. It is doubtless true that the domestic relations of the parties are very unsatisfactory, but it is not at all manifest that the responsibility is all on one side. A proceeding in chancery is not an appropriate

Opinion of the Court. [60 Pa. Superior Ct.

method of settling domestic squabbles, and the law furnishes adequate means for redressing any injury which the plaintiff believes he has suffered. It would be unprofitable to discuss the testimony at length. It is sufficient to say that we are unable to agree with the conclusion of the learned trial judge that the complainant has made out a clear case of "a series of persecutions and prosecutions of the plaintiff" as a result of the latter's refusal to convey the farm or a part thereof to her, or that she instituted criminal actions against him "for the purpose of harassing and oppressing him and with a view of depriving him of the right to enter upon, occupy, enjoy and cultivate" his land. The records of the prosecutions referred to are not in the case, and there is no competent evidence of the character of the complaints nor the judgment of the magistrate or court thereon. The evidence is contradictory as to the conduct of the parties toward each other, and the whole case lacks that clearness of equitable right which gives a complainant standing in a court of equity.

The decree is reversed and the bill dismissed at the cost of the complainant.